IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARK D. WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-139

DEBRA HICKEY, Warden;
BOLAJI AREMU, PA; and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Facility in Jesup, Georgia, filed a cause of action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.. The undersigned issued a Report wherein it was recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under the FTCA. In so doing, the undersigned advised Plaintiff that his cause of action lies in tort rather than in a constitutional basis and that the United States of America is the only properly-named Defendant under the FTCA. Plaintiff filed a "Motion of Objections", which the undersigned construed as a Motion to Amend. The undersigned advised Plaintiff to file an Amended Complaint, and Plaintiff responded to this directive.

Ͻ 72A
ev. 8/82)

In his Amended Complaint, Plaintiff contended that two (2) medical care providers were deliberately indifferent to his serious medical needs. However, although Plaintiff placed the "United States of America" as a named Defendant in the caption of this case pursuant to the FTCA, he did not make any assertion that the medical care providers were negligent. The undersigned advised Plaintiff that the allegations set forth in his original Complaint appeared to conflict with those he set forth in his Amended Complaint. The undersigned also advised Plaintiff that he could pursue *either* a claim against the United States of America for negligence pursuant to the FTCA *or* a claim pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Debra Hickey and Bolaji Aremu in this case, and he could pursue his other claim by filing a separate case. Plaintiff filed a Response to the undersigned's directive.

Based on his Response, it is not entirely clear whether Plaintiff wishes to pursue his negligence claim against the United States of America or his deliberate indifference claims against Defendants Hickey and Aremu. It appears that Plaintiff wishes to pursue his claim against the United States of America pursuant to the FTCA. Accordingly, the Clerk of Court is directed to add "the United States of America" as a named Defendant upon the docket of this case. Defendants Hickey and Aremu should be **DISMISSED** as named Defendants in this cause of action. Should Plaintiff wish to pursue his claims against Defendants Hickey and Aremu, he may do so by filing a separate cause of action pursuant to § 1331 and <u>Bivens</u>.

Plaintiff contends that Physician's Assistant Aremu failed to inform him or the staff of one of the side effects of his medication, which is a decrease in urine production.

AO 72A
(Rev. 8/82)

Because of this decrease in productivity, Plaintiff asserts, he was unable to give a sample for an urinalysis. Plaintiff alleges that, in turn, he received disciplinary charges with a resultant placement in segregation and loss of good conduct time. Plaintiff states that Warden Hickey failed to take him out of segregation, even though he informed her he was in segregation improperly. According to Plaintiff, the harm he suffered was due to the negligent acts of Aremu and Hickey.

The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976).

The above allegations arguably set forth a colorable claim for relief against the United States of America pursuant to the FTCA. A copy of Plaintiff's Complaint, Documents Numbered 5, 7, 8, 9, 10, and 11, and a copy of this Order shall be served upon the United States by the United States Marshal without prepayment of cost. The United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Service may be perfected on the United States Attorney General by registered or certified mail. The answer of the Defendant shall be filed within sixty (60) days of receipt of such service. FED. R. CIV. P. 12(a)(2).

AO 72A
(Rev. 8/82)

## INSTRUCTIONS TO DEFENDANT

Service is permitted to be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event the Defendant takes the deposition of any other person, the Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendant shall notify Plaintiff of the deposition and advise him that he may serve on the Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

AO 72A
(Rev. 8/82)

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon its attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or its counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel(s) of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant.

5

Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a

O 72A
Rev. 8/82)

unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true

\O 72A
Rev. 8/82)

and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE