IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARK D. WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-139

UNITED STATES OF AMERICA,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Mark D. Williams ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Defendant filed a Motion to Dismiss. By Order dated June 13, 2012, the undersigned instructed Plaintiff to file any objections to Defendant's Motion or to otherwise inform the Court of his decision not to object within twenty-one (21) days of the date of the Order. Plaintiff has not responded. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that the Warden and a Physician's Assistant were negligent. Specifically, Plaintiff alleges that Physician's Assistant Aremu failed to inform him or the staff of one of the side effects of his medication, which is a decrease in urine production.

Because of this decrease in productivity, Plaintiff asserts, he was unable to give a sample for a urinalysis. Plaintiff alleges that, in turn, he received disciplinary charges with a resultant placement in segregation and loss of good conduct time. Plaintiff states that Warden Hickey failed to take him out of segregation, even though he informed her he was in segregation improperly. Defendant contends that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

As a sovereign, the United States cannot be sued without its consent. United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citation omitted). The FTCA provides a limited waiver of sovereign immunity for actions against the United States alleging:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA contains a limitations period which provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

An administrative claim denial letter, sent by certified mail, was received by Williams on January 21, 2011. (Doc. No. 20-1, pp. 1, 4). The denial letter included a notice of the six-month time limit for bringing suit, in compliance with 28 C.F.R. § 14.9(a). (Doc. No. 20-1, p. 2). In order for his claims to be timely, Plaintiff would have had to file suit on or before July 21, 2011. See 28 U.S.C. § 2401(b). Plaintiff filed the instant action on August 22, 2011. (Doc. No. 1). As a result, Plaintiff's claims are barred by the FTCA.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction.

**SO REPORTED AND RECOMMENDED**, this 23rd day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)